New Orleans
and
Carrollton
Railroad Co.
*v.*
Municipality
No. One.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Municipality Number One *v.* Steamer Anna No. 2, and Owners.

The act of the Legislature of 1847, required each municipality of New Orleans, annually, *in January*, specially to appropriate a per centage of the revenues, derived from the markets and wharfage, to the sinking fund, as established by that act. *Held :* The rate of wharfage cannot be changed during the year.

APPEAL from the Justice's Court of New Orleans, *Paul Pecquet*, J. *Robert Preaux*, for plaintiffs. *J. Burmudez*, for defendants. By the court:

Eustis, C. J. This appeal is taken by the defendants from a judgment rendered by *Paul Pecquet*, *Esq.*, one of the Justices of the Peace of New Orleans. It decreed the recovery of the sum of $23 25, being the amount due the municipality for a wharfage tax on the steamer *Anna*, and the appeal is before us under the article sixty-third of the Constitution, which gives this court the right of determining, in the last resort, on the constitutionality and legality of taxes and imposts imposed by municipal corporations.

It seems that the amount claimed is for wharfage of the steamer, under an ordinance of the general council of New Orleans, passed on the 26th of November, 1850. It is contended that this ordinance is repealed by a subsequent ordinance of the same body, passed on the 12th of June, 1851.

The first ordinance imposes certain rates to be paid by steamers mooring or landing within the incorporated limits of the port, and was to take effect from the 1st of January then next ensuing. The act of 1847, entitled an act to provide for the payment of the debts of the municipalities of New Orleans, provided that each of the municipalities should annually, in January of each year, specially appropriate a per centage of the revenues derived from the markets and wharfage, to the sinking fund, as established by that act. Acts of 1847 § 4.

It seems obvious, that to give effect to this appropriation, the rate of the wharfage cannot be changed during the year. So far as the ordinance of 1851 changes the rate previously established for that year, it is illegal and must be disallowed.

The recent municipal organization having superseded that under which these ordinances were passed, we deem no further explanation of this subject necessary, than that given in the case of the *Board of Liquidators* v. *the Municipality No.* 1, 6th Ann. 21.

The judgment appealed from is therefore affirmed, with costs.